UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

JEROME CARLSON,                    )
                                   )
                                   )
v.                                 )       Criminal  No. 03-97-P-H
                                   )       Civil No. 05-76-P-S-H
                                   )
 UNITED STATES OF AMERICA,   )
                                   )
                                   )

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Jerome Carlson has filed a 28 U.S.C. § 2255 motion.  Carlson, whose sentencing

judgment entered March 23, 2004, asks the court to resentence him in view of the new

clarification of its discretion to do so under the sentencing guidelines as articulated in

Booker v. United States,  __ U.S. __, 125 S. Ct. 738 (Jan. 12, 2005).

The District Court judge who sentenced Carlson, and who will review this

recommended decision, has already concluded that Booker is not retroactive to 28 U.S.C.

§ 2255 cases.  See May v. United States, __ F. Supp. 2d __, __,  2005 WL 839101, *1 (D.

Me. Apr. 8, 2005).  While no panel of the First Circuit Court of Appeals has yet to

definitively state its view on the retroactivity of Booker to timely, first-time 28 U.S.C.

§ 2255 motions, see Cirilo-Munoz v. United States, __ F.3d __, __, 2005 WL 858324, *5

-6 (1st Cir.  Apr. 15, 2005),  at least four Circuit Courts of Appeal have considered and

answered the question in published opinions and the four are unanimous in concluding

that Booker does not apply retroactively to cases so postured.  See Guzman v. United

States, __ F.3d __, 2005 WL 803214 (2d Cir. Apr. 8, 2005); Varela v. United States, 400

F.3d 864 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir.

2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); see also United States

v. Leonard, 2005 WL 139183, at *2 (10th Cir. Jan.24, 2005) (unpublished opinion on

motion to review sentence).  The non-retroactivity of Booker is not disputed by the

judges of this district. See Violette v. United States, __ F. Supp. 2d. __, __, 2005 WL

824156, *3 (D. Me. Apr. 8, 2005) (Singal, C.J.); May v. United States, __ F. Supp. 2d at

__,  2005 WL 839101 at *1 (Hornby, J.); Gerrish v. United States, 353 F. Supp. 2d 95 (D.

Me. 2005) (same); Suveges v. United States, Civ. No. 05-18-P-C, 2005 WL 226221, *1

 (D.Me. Jan 28, 2005) (Kravchuk, Mag. J.) affirmed Order Adopting Report and

Recommended Decision, Feb. 21, 2005 (Docket No. 5) (Carter, J.);  Quirion v. United

States, Civ. No. 05-06-B-W,  2005 WL 83832, 3 (D.Me. Jan. 14, 2005) (Kravchuk, Mag.

J.) affirmed Civ. No. 05-06 –B-W, 2005 WL 226223 (D. Me. Feb. 1, 2005) (Woodcock,

J.).

        Accordingly, pursuant to Rule Governing Section 2255 Proceedings 4(b), I

recommend that the Court **DENY** Carlson's 28 U.S.C. § 2255 motion.

NOTICE

        A party may file objections to those specified portions of a
magistrate judge's report or proposed findings or recommended decisions
entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by
the district court is sought, together with a supporting memorandum, and
request for oral argument before the district judge, if any is sought, within
ten (10) days of being served with a copy thereof.  A responsive
memorandum and any request for oral argument before the district judge
shall be filed within ten (10) days after the filing of the objection.

        Failure to file a timely objection shall constitute a waiver of the
right to *de novo* review by the district court and to appeal the district
court's order.


April 21, 2005.                              /s/ Margaret J. Kravchuk
                                             U.S. Magistrate Judge


2